UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ST. JOHN'S MERCY HEALTH SYSTEM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:08CV999 RWS |
|  | ) |  |
| HEALTHLINK, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# **MEMORANDUM AND ORDER**

Plaintiff moves to remand this action to state court for lack of subject matter jurisdiction. Defendants removed this action claiming plaintiff's claims are preempted by ERISA, 29 U.S.C. § 1001, et seq. They are not, so this case must be remanded to state court for the reasons that follow.

Plaintiff hospital alleges that it provided medical services to a patient in reliance upon defendants' repeated negligent and intentional misrepresentations that the patient was covered by defendants' benefit plan.[1] Plaintiff further alleges

---

[1] The plan at issue here (named as a defendant) was sponsored by defendant Memorial hospital for eligible employees and their dependents. Memorial is the plan sponsor and administrator and hired defendant Meritain, a third party administrator, to provide claims and benefits administration services to the self-insured plan. Memorial retained defendant Healthlink to arrange for the provision of healthcare services to participants. Virginia Rivet was an employee of Memorial whose family coverage in the plan terminated in September 2006. She completed a COBRA continuing coverage election form for family coverage and paid the COBRA family premiums from October 1, 2006 to April 30, 2007. No premium payment was made for May of 2007. COBRA coverage was therefore terminated effective May 1, 2007.

that when the defendants made these misrepresentations it knew or should have known that the patient's coverage had been terminated for failure to pay COBRA premiums.

As the party seeking removal and opposing remand, defendants have the burden to prove the existence of federal subject matter jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Any doubts regarding federal jurisdiction must be resolved in favor of remanding the action to state court. Owens Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377(1978). Whether a case may be removed is a question of federal law to be decided by federal courts. Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc. Inc., 4 F.3d 614, 618 (8th Cir. 1993), cert. denied, 511 U.S. 1126 (1994). The removal statute is strictly construed, Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 108-09 (1941), and any doubt about the propriety of removal is construed against removal. Owens, 437 U.S. at 377.

Because federal courts are courts of limited jurisdiction, they may only assert jurisdiction under very specific circumstances. Accordingly, the existence of federal question jurisdiction -- such that removal to federal court is appropriate

---

Virginia Rivet's family member Robert Rivet was the patient who received the medical services at issue here. He was hospitalized for treatment by plaintiff on May 8, 2007, and was discharged on May 31, 2007.

-- is governed by the "well-pleaded complaint rule." The well-pleaded complaint rule provides that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule makes the plaintiff "master of his claim," allowing the plaintiff to avoid federal jurisdiction by exclusively relying on state law in forming his bases for relief. Id. Plaintiff's state court petition alleges claims of negligent and fraudulent misrepresentation under Missouri law, not ERISA. "Under the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint." Lyons v. Philip Morris Inc., 225 F.3d 909, 912 (8th Cir. 2000) (internal citations and quotation marks omitted). "However, the well-pleaded complaint rule does not apply if Congress has evidenced an intent that federal law completely displace state law." Id.

"There are two types of preemption under ERISA: "complete preemption" under ERISA § 502, 29 U.S.C. § 1132, and "express preemption" under ERISA § 514, 29 U.S.C. § 1144." Prudential Ins. Co. of America v. National Park Medical Center, Inc., 413 F.3d 897, 907 (8th Cir. 2005). "Complete preemption occurs whenever Congress "so completely [preempts] a particular area that any civil

complaint raising this select group of claims is necessarily federal in character." Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64(1987)). The comprehensive civil remedies in § 502(a) of ERISA completely preempt state law remedies. Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants ERISA's civil enforcement remedy conflicts with clear congressional intent to make that remedy exclusive, and is therefore preempted."); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-56 (1987). Therefore, "[c]auses of actions within the provisions of 502(a) are removable to federal court despite the fact that claims are couched in terms of state law." Lyons, 225 F.3d at 912. "Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption." Neumann v. AT & T Communications, Inc., 376 F.3d 773, 779 (8th Cir. 2004).

In contrast, ERISA's express preemption clause preempts any state law that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). "Although express preemption does not allow for automatic removal to federal court, it does provide an affirmative defense against claims not completely preempted under ERISA § 502." Prudential, 413 F.3d at 907. A state law "relates to" an employee benefit

complaint raising this select group of claims is necessarily federal in character." Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64(1987)). The comprehensive civil remedies in § 502(a) of ERISA completely preempt state law remedies. Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants ERISA's civil enforcement remedy conflicts with clear congressional intent to make that remedy exclusive, and is therefore preempted."); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-56 (1987). Therefore, "[c]auses of actions within the provisions of 502(a) are removable to federal court despite the fact that claims are couched in terms of state law." Lyons, 225 F.3d at 912. "Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption." Neumann v. AT & T Communications, Inc., 376 F.3d 773, 779 (8th Cir. 2004).

In contrast, ERISA's express preemption clause preempts any state law that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). "Although express preemption does not allow for automatic removal to federal court, it does provide an affirmative defense against claims not completely preempted under ERISA § 502." Prudential, 413 F.3d at 907. A state law "relates to" an employee benefit

plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983).

In removing this action, defendants argue that plaintiff's claims are completely preempted by Section 502(a) of ERISA, 29 U.S.C. § 1132(a), because plaintiff is really seeking to recover plan benefits as an assignee of an ERISA beneficiary. Defendants contend that removal was also proper because the face of plaintiff's petition mentions ERISA and therefore must "relate to" a benefit plan.

As the Seventh Circuit Court of Appeals recently noted, "Of course the difficulty arises in drawing the line between what is completely preempted and what escapes the cast of the federal net." Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health and Welfare Trust Fund, -- F.3d --, 2008 WL 2927347 (7th Cir. July 31, 2008). The United States Supreme Court in Davila articulated a two-part test for determining whether a claim has been completely preempted by ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical case, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B) . . . . In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of

action is completely pre-empted by ERISA § 502(a)(1)(B).

Davila, 542 U.S. at 210.

Applying this test in the recent case of Franciscan Skemp Healthcare, the Seventh Circuit held that ERISA did not completely preempt plaintiff's state law claims for misrepresentation on facts virtually indistinguishable from those at bar. The appellate court described the facts as follows:

> This is a case about ERISA preemption. The plaintiff-appellant, Franciscan Skemp Healthcare, Inc. ("Franciscan Skemp"), is a healthcare provider in La Crosse, Wisconsin. The defendant-appellee, Central States Joint Board Health and Welfare Trust Fund ("Central States"), is an employee benefit plan. Sherry Romine, through her employment, was a Central States plan participant. She came to Franciscan Skemp in October 2003 seeking medical treatment. Before providing services, Franciscan Skemp called Central States to verify Central States's coverage of Romine and the relevant services. A Central States representative made oral representations that they were covered. Franciscan Skemp treated Romine. Following unsuccessful efforts to receive payment from Central States, after submitting a claim for benefits, Franciscan Skemp learned that Central States would not pay-it turns out that Romine lost her benefits, effective September 30, 2003, for failing to pay COBRA premiums. When Franciscan Skemp called in October to verify coverage, the Central States representative failed to disclose that Romine's coverage was subject to COBRA and that the coverage could be retroactively canceled.
>
> Franciscan Skemp brought suit against Central States in Wisconsin state court in May 2007, alleging claims of negligent misrepresentation and estoppel under the laws of that state. Central States filed a notice purporting to remove the case to federal court on

the grounds that the claims were subject to the Employee Retirement Income Security Act ("ERISA"), conferring exclusive federal jurisdiction, and then moved to dismiss in district court for failure to state a claim under ERISA.

Franciscan Skemp Healthcare, 2008 WL 2927347 at *1. Applying the first prong of the Davila test, the Seventh Circuit acknowledged that Franciscan Skemp could have brought claims under § 502 of ERISA as Romine's assignee, but it nevertheless held that the claims actually pleaded were not preempted by ERISA:

> What the district court and Central States too easily overlook, however, is that Franciscan Skemp is not bringing these claims as Romine's assignee. Admittedly at first glance it looks like a claim that would arise under ERISA-a beneficiary's assignee bringing an action to recover plan benefits. But upon closer examination, that is not at all what is happening here.
>
> Franciscan Skemp is bringing these claims of negligent misrepresentation and estoppel, not as Romine's assignee, but entirely in its own right. These claims arise not from the plan or its terms, but from the alleged oral representations made by Central States to Franciscan Skemp. Franciscan Skemp could bring ERISA claims in Romine's shoes as a beneficiary for the denial of benefits under the plan; but it has not. In fact, Franciscan Skemp does not at all dispute Central States's decision to deny Romine coverage. Franciscan Skemp acknowledges that Romine is not entitled to benefits, because she failed to make her COBRA premium payments. It would be odd indeed, then, to conclude that Franciscan Skemp is standing in Romine's shoes as a beneficiary seeking benefits when Franciscan Skemp acknowledges that Romine is not actually entitled to any benefits. Franciscan Skemp is basing its claims on a conversation to which Romine was not even a party. Thus Franciscan Skemp is not and could not be "standing in her shoes" or asserting her rights.

> Franciscan Skemp is bringing its own independent claims, and these claims are simply not claims to "enforce the rights under the terms of the plan." ERISA § 502(a)(1)(B).
>
> What of the claim form then? We do not quarrel with the determination below that the claim form evidences an assignment of benefits; we just disagree with the import of that determination. The claim form was filed before Franciscan Skemp was aware that Romine hadn't made her payments and that Central States would deny coverage. At that point in time, it was perfectly logical for Franciscan Skemp to file the form as Romine's assignee. Upon learning that Central States would not pay due to Romine's failure to pay COBRA premiums, Franciscan Skemp then asserted its own rights by bringing this lawsuit. Simply because at one point in time Franciscan Skemp acknowledged an assignment from Romine does not mean that it simultaneously and implicitly gave up any claim(s) it had against Central States apart from that assignment.
>
> . . .
>
> Therefore, under the first consideration from Davila, the claims are not preempted because they could not have been brought under ERISA § 502(a)(1)(B). This is not a beneficiary's claim - a beneficiary whom all agree is not even entitled to benefits. Moreover, Franciscan Skemp is not suing "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," which is precisely all § 502(a)(1)(B) provides. Franciscan Skemp is seeking damages arising from alleged misrepresentations made by Central States to Franciscan Skemp in response to its inquiry - a wrong not within § 502's scope.

Id. at *2 -*3. The court found no preemption when applying the second part of the Davila test, either. It held that "[t]he claims of negligent misrepresentation and estoppel derive from duties imposed apart from ERISA and/or the plan terms." Id.

at *3. "The relevant legal duties, logically implicated by these facts, are entirely independent from ERISA and any plan terms. Therefore, under both Davila prongs in the test for complete preemption, Franciscan Skemp's state-law claims survive." Id.

In reaching its decision, the Seventh Circuit cited with approval a pre-Davila decision from the Eighth Circuit Court of Appeals, In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 604-07 (8th Cir. 1997), which the plaintiff relies upon here to support remand. The Eighth Circuit in In Home Health held that ERISA did not preempt a state tort claim against an administrator of an ERISA plan brought by a healthcare provider "not as assignee of an ERISA beneficiary but as an independent entity claiming damages." Id. at 604. Even though In Home Health was decided before Davila, the Seventh Circuit noted that there was no reason "to suppose that the conclusion" was incorrect in light of Davila and that the "inherent logic" of the Eighth Circuit's decision supports "the notion that state-law claims brought by third-party healthcare providers, in situations analogous to the one with which were are now faced, are independent of ERISA and not completely preempted." Franciscan Skemp Healthcare, 2008 WL 2927347 at * 4. The Seventh Circuit concluded:

In sum, proper analysis of Franciscan Skemp's claims against the

> broad reach of ERISA under the test outlined by the Supreme Court in Davila leads to the conclusion that ERISA does not completely preempt the claims at issue in this case. Franciscan Skemp is not bringing these claims as a beneficiary, nor is it standing in the shoes of a beneficiary. It is not arguing about plan terms. It is not seeking to recover plan benefits and even acknowledges that under the plan Romine is entitled to nothing. Franciscan Skemp is bringing state-law claims based on the alleged shortcomings in the communications between it and Central States. There are no grounds for removal. This case belongs in state court.

Id. at *6.

I find the Seventh Circuit's reasoning in Franciscan Skemp Healthcare persuasive.[2] As in that case, plaintiff here is not bringing claims as a beneficiary, nor is it standing in the shoes of a beneficiary as an assignee (although it could have, had it chosen to do so). This case is not about plan terms, and plaintiff is not seeking to recover plan benefits. In fact, like the plaintiff in Franciscan Skemp Healthcare, plaintiff here also acknowledges that under the plan Rivet is entitled to nothing. Instead, plaintiff "is bringing state-law claims based on the alleged shortcomings in the communications between it and [defendants]." Id. Applying the first part of the Davila test, I agree with the Seventh Circuit that plaintiff's claim against defendants seeks damages for "a wrong not within § 502's scope." Id. at *3. Like the Seventh Circuit, I reject defendants' argument that submitting a

---

[2] Defendants relied heavily on the district court's reasoning in opposition to remand, so they cannot -- and do not -- dispute the similarity of this case and its facts to the case at bar.

claim form converted plaintiff's claims into ERISA ones: "Simply because at one point in time [plaintiff] acknowledged an assignment from [Rivet] does not mean that it simultaneously and implicitly gave up any claim(s) it had against [defendants] apart from that assignment." Id. at *2. Because plaintiff's claims could not have been brought under § 502, they are not preempted by ERISA under Davila.[3]

I agree with the Seventh Circuit in applying the second part of the Davila test to the case at bar, too. The Eighth Circuit is in accord with the Seventh Circuit that "the state common law on negligent misrepresentation is of general application. It does not actually or implicitly refer to ERISA plans." Wilson v. Zoellner, 114 F.3d 713, 717 (8th Cir. 1997). Because the relevant legal duties that plaintiff alleges defendants owed to it and subsequently breached are entirely independent from ERISA and any plan terms, plaintiff's state-law claims survive under both Davila prongs in the test for complete preemption. See Franciscan Skemp Healthcare, 2008 WL 2927347 at *3.

Defendant also contends that removal was proper because the face of

---

[3]I also reject defendants' argument that naming the benefit plan as a defendant somehow converts plaintiff's state law claims into ERISA claims. The defendant in Franciscan Skemp Healthcare was a benefit plan, too, but that did not change the Seventh Circuit's decision to remand the action to state court.

plaintiff's complaint mentions ERISA and must, therefore, "relate to" a benefit plan such that it is expressly preempted under § 514. However, "the mere mention of an ERISA plan in a complaint is not, in and of itself, sufficient to warrant a finding that the state law relates to a plan." In Home Health, 101 F.3d at 604. The Eighth Circuit held that ERISA does not expressly preempt state tort claims brought by a third-party provider who sues the administrator of an ERISA plan, not as an assignee of an ERISA beneficiary, but as an independent entity claiming damages. Id. at 606-07. In reaching its conclusion, the court considered the following factors to decide whether the claim related to the benefit plan: 1) whether the state law negates an ERISA plan provision; 2) whether the state law affects relations between primary ERISA entities; 3) whether the state law impacts the structure of ERISA plans; 4) whether the state law impacts the administration of ERISA plans; 5) whether the state law has an economic impact on ERISA plans; 6) whether the state law may be preempted consistent with other ERISA provision; and 7) whether the state law is an exercise of traditional state power. Id. at 605.

Applying these factors, the Eighth Circuit concluded that the state law claims were not expressly preempted and that remand was therefore required. Id. at 606-07. I am bound to apply In Home Health and reach the same result.

Defendants attempt to distinguish In Home Health by arguing that in the present case, the plan and the employer (i.e., the plan sponsor and administrator) are named as defendants. However, this argument has been considered and rejected by Judge Noce in Stewart v. Pershing Health System, 182 F. Supp. 2d 856 (E.D. Mo. 2001). In Stewart, Judge Noce applied the factors set out in In Home Health and concluded that plaintiff's state law tort claims against her employer were not expressly preempted by ERISA. Id. at 863. I concur.

As for the first factor, I find that plaintiff's lawsuit will not negate any plan provision because plaintiffs are not suing for plan benefits. See In Home Health, 101 F.3d at 605; Stewart, 182 F. Supp. 2d at 861; Thraillkill v. Amsted Industries, Inc., 102 F. Supp. 2d 1129, 1133 (W.D. Mo. 2000). The Eighth Circuit treats the second and third factors as identical. See In Home Health, 101 F.3d at 605. Like Judge Noce, I find that these defendants can be sued for their misrepresentations that were made not as plan fiduciaries or for their administration of the ERISA plan. See Stewart, 182 F. Supp. 2d at 861-62. Following the reasoning of In Home Health with respect to the fourth factor, I conclude that there is no impact on the administration of the plan. See In Home Health, 101 F.3d at 606 ("Allowing Home Health to proceed with its claim for negligent misrepresentation would not impose any additional administrative duties upon Prudential or require a

change in administrative procedures."); Stewart, 182 F. Supp. 2d at 862. I do not believe that the fifth factor is implicated by the case at bar. See id.; In Home Health, 101 F.3d at 606. The last factor weighs against preemption because Missouri has long recognized the torts of intentional and negligent misrepresentation. Stewart, 182 F. Supp. 2d at 862. Considering all of the factors, I conclude that plaintiff's claims do not have a prohibited connection to an ERISA plan and are therefore not expressly preempted by § 514.

Because plaintiff's claims are not completely or expressly preempted by ERISA, I lack subject matter jurisdiction over this case. Removal was therefore improper, and I must remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#9] is granted, and this case is remanded to the Circuit Court for the County of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(d).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2008.